1 *Matthew F. Batezel (State Bar No. 185147)
2 mbatezel@plawp.com (*lead counsel)
  Dominique M.W. Tomaino (State Bar No. 302014)
3 dtomaino@plawp.com
4 PACIFIC LAW PARTNERS, LLP
  15615 Alton Parkway, Suite 240
5 Irvine, CA 92618
6 (949)242-2441
  Fax (949)242-2446
7
8 Attorneys for Defendant
  STATE FARM GENERAL INSURANCE COMPANY
9

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12
13

| | |
|---|---|
| WILLIAM SCOALES, an individual, | Case No.: 2:21-cv-04265-SB-KS |
| Plaintiff, | [Los Angeles Superior Court Case No. 21STCV12688] |
| vs. | **AMENDED STIPULATED PROTECTIVE ORDER FOR DISCOVERY** |
| STATE FARM GENERAL INSURANCE COMPANY and DOES ONE THROUGH TEN, inclusive, | |
| Defendants. | Complaint filed: April 2, 2021 |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Amended Stipulated Protective Order for Discovery (the "Stipulation") filed on December 29, 2021, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the

1

extent, as set forth below, that those terms have been modified by the Court's amendment of page 3, paragraphs 4, 5, 6b, and 18, and Exhibit 1 of the Stipulation.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Subject to the approval of this Court, Plaintiff William Scoales and Defendant State Farm General Insurance Company ("State Farm") (collectively referred to herein as "Parties"), by and through their respective attorneys of record in this litigation, who have authority to enter into this stipulation on behalf of their clients, stipulate to the following protective order regarding non-disclosure of documents produced by any party to this litigation which concern confidential and/or proprietary information.

### PURPOSES, LIMITATIONS AND GOOD CAUSE STATEMENT

It is State Farm's position that disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. For example, Plaintiffs' discovery here seeks, among other things, training manuals, operation note guidelines, and other internal documents from State Farm. State Farm contends that it consistently maintains each of these confidential and trade secret sections of the operations guide and the other responsive documents in confidence, they are not distributed in any way outside of State Farm and are considered by State Farm to be confidential, trade secret protected and proprietary. Other categories of

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

1 documents may be sought in this litigation which might trigger State Farm's
2 concerns regarding confidentiality.
3     Plaintiff does not wholly agree with State Farm's contentions, does not
4 believe these documents should be afforded confidential treatment, and reserves
5 the right to challenge any designations of confidentiality per the terms of this
6 stipulated order. However, because State Farm requires an agreed order before
7 producing such documents, and in an effort to move forward with this case in the
8 most expeditious manner, Plaintiff has acceded to State Farm's request for entry of
9 this order.
10     Accordingly, the parties hereby stipulate to and petition the court to enter the
11 following Stipulated Protective Order. The parties acknowledge that this Order
12 does not confer blanket protections on all disclosures or responses to discovery and
13 that the protection it affords from public disclosure and use extends only to the
14 limited information or items that are entitled to confidential treatment under the
15 applicable legal principles.
16     The parties further acknowledge, ~~as set forth in Section 11.3, below,~~ that this
17 Stipulated Protective Order does not entitle them to file confidential information
18 under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed
19 and the standards that will be applied when a party seeks permission from the court
20 to file material under seal. **Protected Material may only be filed under seal**
21 **pursuant to a court order authorizing the sealing of the specific Protected**
22 **Material at issue. If a Party's request to file Protected Material under seal is**
23 **denied by the court, then the Receiving Party may file the information in the**
24 **public record unless otherwise instructed by the court.**
25 //
26 //
27 //
28 //

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**STIPULATED PROTECTIVE ORDER**

The Court finds as follows:

    A.    That the Parties possess certain documents that they contend may contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

    B.    That a Protective Order should be entered in this matter that will properly balance the discovery rights of the Parties to this litigation with the Parties' rights to assert their protections for information and documents they contend constitute their confidential, proprietary, or trade secret information, and it is therefore:

**ORDERED, ADJUDGED AND DECREED:**

    1.    All production and disclosure of "Confidential Information and/or Trade Secret Information," as defined in Paragraph 2 below, during the discovery phase of this litigation shall be governed by this Order. All materials provided by the Parties pursuant to this Stipulated Protective Order that are designated Confidential Information and/or Trade Secret Information shall be used solely and exclusively for the preparation for and conduct of discovery in this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever. Individuals authorized to review Confidential Information and/or Trade Secret Information pursuant to this Protective Order shall hold Confidential Information and/or Trade Secret Information in confidence and shall not divulge the Confidential Information and/or Trade Secret Information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by Court order.

    2    "Confidential Information and/or Trade Secret Information" means any information that is designated as confidential and/or trade secret by the supplying party (the "Designating Party"), including but not limited to printed

documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers.

3. All Confidential Information and/or Trade Secret Information shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi- page document (including deposition transcripts), and in a prominent location on the exterior of any tangible object, by overlaying language substantially similar to "PRODUCED SUBJECT TO A CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER IN SCOALES V. STATE FARM, ET AL." on the text of the Confidential Information and/or Trade Secret Information and/or as a footer to the document.

4. Any party objecting to the designation of any information as Confidential Information and/or Trade Secret Information following receipt of information so designated and produced after this Stipulated Protective Order is signed and entered by the Court, shall **initiate the dispute resolution process under Local Rule 37.1 et seq. and** clearly state the basis for the objection in a letter to counsel for the Designating Party. Such letter must be received by counsel for the Designating Party no later than one hundred twenty (120) days after the objecting party received the Confidential Information and/or Trade Secret Information to which it objects, or 120 days after entry of this Agreement, whichever is later. If the Parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order. The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation.

5. The terms of this Protective Order may be modified only by written agreement of counsel for all Parties or **and modifications only take effect** by further order of the Court.

6. Subject to the provisions of Paragraphs 7, 8, 9 and 10 below, Confidential Information and/or Trade Secret Information may be disclosed only for purposes of the *Scoales v. State Farm, et al.*, United States District Court, Case No.: 2:21-cv-04265-SB-KS litigation and only to the following persons:

    a. The parties, employees of the parties, and attorneys for parties in this litigation who have executed this Stipulated Protective Order or are otherwise subject to this Stipulated Protective Order by virtue of having signed Exhibit 1 hereto, and law clerks, paralegals, office clerks, and secretaries working under their supervision. "Attorneys," for purposes of this subparagraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

    b. **The** Court **and its** personnel**,** and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

    c. Expert witnesses retained by such Attorneys, as defined above, for consultation or for testimony in this litigation; and

    d. Any witness who has prior knowledge of the Confidential Information and/or Trade Secret Information, which prior knowledge must include having previously seen the document(s) containing

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1             the Confidential Information and/or Trade Secret
2             Information, and so designated, but only to the extent
3             of that person's prior knowledge of the Confidential
4             Information and/or Trade Secret Information.

5     7.     If, after execution of this Stipulated Protective Order, any
6 Confidential Information and/or Trade Secret Information submitted by the
7 Designating Party under the terms of this Stipulated Protective Order is disclosed
8 by a non- designating party to any person other than in the manner authorized by
9 this Stipulated Protective Order, the disclosing party shall immediately (a) notify in
10 writing the Designating Party of the unauthorized disclosures, (b) use its best
11 efforts to retrieve all unauthorized copies of the Confidential Information and/or
12 Trade Secret Information, (c) inform the person or persons to whom unauthorized
13 disclosures were made of all the terms of this Order, and (d) request such person or
14 persons to execute the "Nondisclosure Agreement" that is attached hereto as
15 Exhibit 1.

16     8.     Prior to the disclosure of any Confidential Information and/or Trade
17 Secret Information to any person covered by Paragraph 6 c. and d. above, except in
18 the setting of a deposition, counsel for the party that has received such Confidential
19 Information and/or Trade Secret Information shall first provide such person with a
20 copy of this Order, shall explain its terms to such person, and shall require such
21 person to execute the agreement attached as Exhibit 1 to this Order. Counsel for
22 the party that has made Confidential Information and/or Trade Secret Information
23 available to persons covered by Paragraph 6 c. and d. above is required to send a
24 copy of the executed Exhibit 1 to counsel for the Designating Party within thirteen
25 (13) days of such third person's receipt of Confidential Information and/or Trade
26 Secret Information, unless such expert was retained for consultation only, in which
27 case the disclosing Counsel shall maintain the signed Exhibit 1 in their possession.
28 It shall be the obligation of counsel, upon learning of any breach or threatened

1 breach of this Stipulated Protective Order by any such expert or expert consultant,
2 to promptly notify counsel for the Designating Party of such breach or threatened
3 breach.
4     9.    The disclosure of any Confidential Information and/or Trade Secret
5 Information in the deposition of any witness may only be made in accordance with
6 the following:
7     a.    Prior to the use of any Confidential Information and/or Trade
8 Secret Information in the deposition of any witness, pursuant to
9 Paragraph 6 d. above, counsel for the party that has received
10 such Confidential Information and/or Trade Secret Information
11 shall first establish a foundation for the witness's prior
12 knowledge of the Confidential Information and/or Trade Secret
13 Information, which must include having previously seen the
14 document(s) containing the Confidential Information and/or
15 Trade Secret Information, and so designated. If such a
16 foundation cannot be established, then counsel may not show to
17 the witness the document(s) containing the Confidential
18 Information and/or Trade Secret Information, and so
19 designated, and may not otherwise disclose the contents of such
20 document(s) to the witness.
21     b.    Prior to the use of any Confidential Information and/or Trade
22 Secret Information in the deposition of any witness pursuant to
23 Paragraphs 6 c. and d., subject to Paragraph 9a, counsel for the
24 party that has received such Confidential Information and/or
25 Trade Secret Information shall first provide each person in
26 attendance at the deposition, with the exception of court
27 reporter(s) and videographers, the Designating Party and its
28 attorneys, with a copy of this Order, and shall require such

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

persons to execute the agreement attached as Exhibit 1 to this Order.

10. If any documents designated as Confidential Information and/or Trade Secret Information is marked as a deposition exhibit and if testimony concerning Confidential Information and/or Trade Secret Information is elicited at a deposition, counsel for the Designating Party may designate a portion of the transcript to be treated as Confidential Information and/or Trade Secret Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the deposition

11. The provisions of this Order with respect to Confidential Information and/or Trade Secret Information shall not apply to information which (a) was, is, or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of such information and able to release it; (c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or ( d) was or is discovered independently by the receiving party by means that do not constitute a violation of this Order.

12  This Order shall bind all persons and parties to this litigation, who are subject to this Order, until all documents, electronic media, or other tangible materials containing Confidential Information and/or Trade Secret Information have been returned to State Farm, or all persons who have received Confidential Information and/or Trade Secret Information have certified the destruction of such information, as detailed herein. Within thirty (30) days after the final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, or otherwise, the Parties to this litigation, their counsel, and all other persons who received State Farm's Confidential Information and/or Trade Secret Information during the course of this litigation in

accordance with this Order, shall return to State Farm all copies of such Confidential Information and/or Trade Secret Information provided to them during the course of this litigation and shall certify in writing that all such documents have been returned; or else shall certify in writing that any documents or copies thereof not so returned have been destroyed. Upon the written request of State Farm, the receiving party shall certify in writing that said material has been destroyed within the thirty (30) day period.

13. The Court shall retain jurisdiction after the final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, to resolve any dispute concerning the use of information disclosed pursuant to this Order and/or to enforce the provisions of Paragraph 12.

14. The inadvertent or unintentional disclosure of Confidential Information and/or Trade Secret Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the Designating Party informs the opposing party of its claim within a reasonable time after learning of the disclosure. The party that received the inadvertently produced Confidential Information and/or Trade Secret Information shall promptly destroy the inadvertently produced Confidential Information and/or Trade Secret Information and all copies thereof, or, at the expense of the Designating Party, shall return such together with all copies of such Confidential Information and/or Trade Secret Information to counsel for the Designating Party and shall retain only the materials not designated Confidential Information and/or Trade Secret Information.

15. If any person subject to this Stipulated Protective Order who has

custody of any Confidential Information and/or Trade Secret Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Information and/or Trade Secret Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information and/or Trade Secret Information, and/or seek to obtain confidential treatment of such Confidential Information and/or Trade Secret Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any documents, testimony or information relating to the Confidential Information and/or Trade Secret Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Confidential Information and/or Trade Secret Information within the meaning of this Order, (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to specific items or categories of documents or information.

17. This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of California.

18. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: January 3, 2022

_____
Karen L. Stevenson
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT AND SO STIPULATED:**

DATED: December 7, 2021

/s/ Brianna J. Strange

Brianna J. Strange, Esq. (State Bar #321882)
Lead Counsel
brianna@strangellp.com
Brian Strange, Esq. (State Bar #103252)
brian@strangellp.com
John Ceglia, Esq. (State Bar #287147)
jceglia@strangellp.com
STRANGE LLP
12100 Wilshire Blvd., Fl. 8
Los Angeles, CA 90025
Telephone: (424) 209-7681

Richard E. Norman (TX State Bar #00788128) (Pro Hac granted)
rnorman@crowleynorman.com
R. Martin Weber, Jr. (TX State Bar #00791895) (Pro Hac granted)
mweber@crowleynorman.com
CROWLEY NORMAN LLP
Three Riverway, Suite 1775
Houston, Texas 77056

AMENDED STIPULATED PROTECTIVE ORDER FOR DISCOVERY

Telephone: (713) 651-1771
**Attorneys for Plaintiff**

*/s/* Matthew F. Batezel
\*Matthew F. Batezel (State Bar No. 185147)
mbatezel@plawp.com (\*lead counsel)
Dominique M.W. Tomaino (State Bar No. 302014)
dtomaino@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949)242-2441
**Attorneys for Defendant**

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED: December 7, 2021     **PACIFIC LAW PARTNERS, LLP**

/s/ Matthew F. Batezel
Matthew F. Batezel

# Exhibit 1

## NONDISCLOSURE AGREEMENT

I, _____ (PRINT NAME), do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Scoales v. State Farm, et al.,* United States District Court, Case No.: 2:21-cv-04265-SB-KS, and agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. **I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.**

I understand that Confidential Information and/or Trade Secret Information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by this Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information and/or Trade Secret Information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all Confidential Information and/or Trade Secret Information provided to me in the proceeding in a secure manner, and that all copies of such Confidential Information and/or Trade Secret Information are to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Confidential Information and/or Trade Secret Information will be returned to counsel who provided me with such Confidential Information and/or Trade Secret Information.

//
//

I consent to the jurisdiction of this Court for purposes of enforcing this Order.

Executed this _____ day of _____, 20___, at _____, California.

Dated: _____

By: _____

Signature: _____

Title: _____

Address: _____

City, State, Zip_____